In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00167-CR**
**NO. 09-20-00168-CR**

_____

**JUSTIN AUGUSTUS STEPHENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-12-17117-CR and 19-12-17119-CR**

## MEMORANDUM OPINION

Justin Augustus Stephens appeals from two convictions, a conviction for evading arrest or detention and a conviction for theft.[1] The offenses were tried together in a trial to the bench after Stephens waived

---

[1]Tex. Penal Code Ann. § 38.04 (evading arrest or detention); *id*. § 31.03 (theft).

1

his right to a trial by jury. After filing notices of appeal, the trial court appointed an attorney to represent Stephens in his appeals. The attorney discharged his responsibilities to Stephens by filing an *Anders* brief in the appeals.[2]

In the brief, Stephens' attorney represents there are no arguable reversible errors to be addressed in Stephens' appeals.[3] The brief the attorney filed contains a professional evaluation of the record, and the attorney explains why no arguable issues exist under the records in these cases to support arguments that would allow this Court to reverse the trial court's judgments.[4] Stephens' attorney also represented that he sent Stephens a copy of the brief and the record in his appeals.

When the brief was filed, the Clerk of the Ninth Court of Appeals notified Stephens, by letter, that he could file a pro se brief or response with the Court on or before October 18, 2021. Stephens responded by alleging that his attorney was ineffective without offering any further explanation. And in Stephens' response, he asked the Court to appoint another attorney to represent him in his appeals. After Stephens filed his

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*

2

response, he subsequently sent the Court some additional letters, but nothing in them raises an arguable error that requires appointing another attorney to re-brief Stephens' appeals.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support an argument to overturn the judgment at issue in the appeal.[5] After reviewing the clerk's records, the reporter's records, and the attorney's brief, we agree there are no arguable grounds supporting reversing the judgment in the appeals. Thus, it follows the appeals are both frivolous.[6] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeals.[7]

---

[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Cassidy may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

The trial court's judgments are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 4, 2022
Opinion Delivered August 10, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.